UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KATHLEEN ENGEBRETSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUN LIFE ASSURANCE COMPANY OF )<br>CANADA, )<br>)<br>Defendant. ) | 4:09-cv-26-SEB-WGH |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This cause is before the Court on the Motion to Remand [Docket No. 14], filed on April 15, 2009, by Plaintiff, Kathleen Engebretson ("Mrs. Engebretson"). This case was originally filed in Floyd Superior Court, but Defendant removed it to this court under 28 U.S.C. § 1441(a). Mrs. Engebretson contends that this case must be remanded to state court because the amount in controversy does not exceed the jurisdictional minimum amount of $75,000. Defendant, Sun Life Assurance Company of Canada ("Sun Life"), maintains that the amount in controversy exceeds $75,000, and therefore federal subject matter jurisdiction exists under 28 U.S.C. § 1332. Thus, Defendant contends, removal was proper pursuant to 28 U.S.C. § 1441(a), and Plaintiff's Motion to Remand must be denied. For the reasons detailed in this entry, we <u>DENY</u> Plaintiff's Motion to Remand.

## Factual Background

### I. Procedural History

On February 9, 2009, Mrs. Engebretson, a resident of Indiana, filed a Complaint in Floyd Superior Court asserting breach of contract, breach of the duty of good faith and fair dealing as well as a violation of the Unfair Claim Settlement Practices Act of Indiana, Ind. Code Ann. § 24-4-1-4.5, by Sun Life. Compl. ¶¶ 28, 36. She alleges that Sun Life wrongly denied her claim for disability benefits under her long-term disability insurance policy issued by Sun Life. Id. ¶ 28. She further alleges that Sun Life has a pre-ordained bias toward denying claims and that Sun Life unfairly and incompletely administered her claim because of that bias. Id. ¶¶ 15-21.

Sun Life filed its notice of removal on March 4, 2009, claiming federal jurisdiction under 28 U.S.C. § 1332. The Motion to Remand asserts that removal of the claim was improper because the amount of the alleged past due benefits underlying the claim do not satisfy the jurisdictional requirement for the amount in controversy pursuant to 28 U.S.C. § 1332.

### II. Plaintiff's Allegations Against Sun Life

Mrs. Engebretson, a school teacher employed by New Albany-Floyd County Consolidated School District, contends that she became unable to teach full-time on or around August 30, 2007, due to a disability with which she is afflicted. Compl. ¶¶ 7, 11. In her initial settlement demand, she explains that her disability arises from the following

medical conditions which have been identified by her physicians: "chronic fatigue, generalized aggressive osteoarthritis, scoliosis, hypermobility syndrome, impaired balance and gait, polyarticular degenerative arthritis . . . , fibromyalgia, dizziness, and homonymous hemianopsia." Exhibit A, at 3. Sun Life issued a long-term disability insurance policy ("the Policy") to Mrs. Engebretson during her employment with New Albany-Floyd County Consolidated School District,[1] which provides maximum disability benefits of 66.67% of the disabled employee's monthly earnings, that is, according to Plaintiff's calculations, $3,488.27 per month.

    Mrs. Engebretson applied for income benefits under the Policy, but Sun Life denied her claim. Mrs. Engebretson alleges that she is entitled to long-term disability benefits and that Sun Life's denial of those benefits was improper. She further alleges that Sun Life processed her claim with a predisposition to deny it.

    The parties agree that the maximum past due monthly benefits amount to which Mrs. Engebretson is entitled as of the date of her Complaint and the time of removal is approximately $37,987.04. However, the parties disagree as to the total amount in controversy. In her Complaint, Mrs. Engebretson demanded not only compensatory damages in the amount of the past due benefits, but also damages for the emotional and physical pain and suffering she experienced as well as punitive damages and attorneys' fees. See Compl. ¶¶ 40-43, 45.

---

[1] The full text of the Policy is set out in Exhibit B of Defendant's Opposition to Plaintiff's Motion to Remand.

## Legal Analysis

### I.     Standard of Review

In order to remove a case from state to federal court, pursuant to 28 U.S.C. § 1441(a), a defendant must demonstrate original federal subject matter jurisdiction.  A party asserting federal jurisdiction under 28 U.S.C. § 1332(a) must establish both diversity of citizenship and an amount in controversy exceeding $75,000.

When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that the case belongs in federal court. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540, 542 (7th Cir. 2006) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  A defendant seeking removal must show with "competent proof" that the case is properly in federal court.  McNutt, 298 U.S. at 189.  To satisfy the diversity jurisdiction amount in controversy requirement, a good faith showing must support the party's "estimate of its exposure or potential maximum loss," that is, the "cost or value of complying with the plaintiff's demands."  Hart v. ConAgra Foods, Inc., No. 1:07-cv-0395-JDT-WDL, 2007 U.S. Dist. LEXIS 57840, at *4 (S.D. Ind. Aug. 7, 2007).[2]

All doubts regarding federal jurisdiction are to be resolved against removal and in

---

[2] The "reasonable probability" standard for showing "competent proof" of federal jurisdiction established in Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993), was overruled in Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2006) ("We now retract that language; it has no role to play in determining the amount in controversy.").

favor of remand.  <u>Brewer v. State Farm Mut. Auto. Ins. Co.</u>, 101 F. Supp. 2d 737, 739 (S.D. Ind. 1993).  If, however, the removing party has met its burden of showing that the case meets the jurisdictional amount in controversy requirement, the case will only be remanded to state court if the party opposing removal can show to a "legal certainty" that the amount in controversy is less than the jurisdictional threshold.  <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 448 (7th Cir. 2005) (citing <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938)).

      The amount in controversy is the amount necessary to fulfill the plaintiff's demands in full.  <u>Hart v. Schering-Plough Corp.</u>, 253 F.3d 272, 273 (7th Cir. 2001).  The Seventh Circuit has held that, in removal cases, the amount in controversy for diversity jurisdiction is calculated as the amount at stake to either party in the suit on the date of removal.  <u>E.g.</u>, <u>BEM I, L.L.C. v. Anthropologie, Inc.</u>, 301 F.3d 548, 552 (7th Cir. 2002).  This does not mean, however, that the plaintiff stands to or necessarily will recover more than $75,000 for removal to be proper, only that more than $75,000 is "in controversy" between the parties on the date the suit is removed.  <u>E.g.</u>, <u>Oshana v. Coca-Cola Co.</u>, 472 F.3d 506, 513 (7th Cir. 2006).

## II.    Discussion

      "The general federal rule has long been to decide what the amount in controversy is from the complaint itself."  <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961).

A removing defendant, as the party seeking federal jurisdiction, has the burden of proving the amount in controversy. Meridian Sec. Ins. Co., 441 F.3d at 541. In her complaint, Mrs. Engebretson does not state a specific dollar amount requested as relief,[3] simply requesting: "money sufficient to satisfy Plaintiff's claims[,]" "[i]ncidental and consequential damages[,]" "[d]amages for embarrassment, humiliation, mental anguish, and pain and suffering[,]" "[p]unitive damages[,]" "[a]ttorneys' fees and costs[,]" and "[a]ny other and further relief as the Court deems appropriate." Compl. ¶¶ 40-43, 45-46. Lacking a specific amount of relief being sought, Sun Life must necessarily estimate the amount in controversy by some other means. Acceptable means for establishing the requisite amount in controversy include "calculation from the complaint's allegations" and "reference to the plaintiff's informal estimates or settlement demands." Meridian Sec. Ins. Co., 441 F.3d at 541. It is appropriate, therefore, to examine separately the Complaint's various requests for relief.

The parties calculate the maximum amount of past due long-term disability benefits as of the date of the Complaint and at time of removal (compensatory damages) as $37,987.04.[4]

---

[3] Indiana Trial Rule 8(A)(2) states that "in any complaint . . . seeking punitive damages, no dollar amount or figure shall be included in the demand."

[4] Sun Life contends that the value of Mrs. Engebretson's maximum past due *and* future disability benefits should be considered in determining the amount in controversy. Def.'s Opp. to Pl.'s Mot. To Remand 6. When the validity of an insurance policy itself is in dispute, the value of the entire policy may be included in the calculation of the amount in controversy. Hawkins v. Aid Ass'n for Lutherans, 338 F.3d 801, 805 (7th Cir. 2003). If the claim involves a dispute as to the insurer's liability for payment of benefits, however, the validity of the insurance

In addition, Mrs. Engebretson also requests an award of punitive damages. Compl. ¶ 39. Under Seventh Circuit law, if compensatory and punitive damages are recoverable, both must be included in calculating the total amount in controversy to determine if the jurisdictional limitation requirement has been satisfied. Del Vecchio v. Conseco, Inc., 230 F.3d 974, 978 (7th Cir. 2000) (citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943)).

To include punitive damages in calculating the amount in controversy, the court must determine if punitive damages are recoverable under state law. Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996). Under Indiana law, punitive damages may be recoverable based on an insurer's breach of the duty of good faith and fair dealing, as has been alleged here. Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 519-520 (Ind. 1993). Indiana law pegs the amount of punitive damages to the greater of either $50,000 or three times the awarded amount of compensatory damages. Ind. Code § 34-51-3-4.

Plaintiff's case includes a request for punitive damages. Compl. ¶¶ 36-39; see Oshana, 472 F.3d 506, 511 (7th Cir. 2006) (stating that the plaintiff is the master of his complaint and chooses the forum in which to file it). When considered in addition to the $37,987.04 representing the amount of past due benefits claimed by Mrs. Engebretson,

---

policy is *not* at issue, and future benefits payable under the insurance policy should not be counted toward the amount in controversy. Keck v. Fid. & Cas. Co., 359 F.2d 840, 841 (7th Cir. 1966). The dispute in this case involves Sun Life's liability to Mrs. Engebretson for disability benefits, and therefore the value of the entire policy is not to be included as part of the amount in controversy.

her total damages request clearly exceeds the amount in controversy limit of $75,000.[5] This evidence thus provides "competent proof" in support of Sun Life's assertion that the amount in controversy is fully satisfied; stated otherwise, it is not a legal certainty that the amount in controversy is less than the jurisdictional requirement. See Oshana, 472 F.3d at 512 (holding that the amount in controversy requirement was met and removal was proper when punitive damages were possible and the plaintiff refused to formally agree that she would not seek more than $75,000 in actual damages, punitive damages, and attorneys' fees).

Mrs. Engebretson's request for an award of attorneys' fees provides further "competent proof" that the jurisdictional amount in controversy is satisfied here. Compl. ¶ 45. The Complaint specifically requests such an award, and Indiana law permits attorneys' fees to be awarded for an action "litigated . . . in bad faith." Ind. Code Ann. § 34-52-1-1(2)(c). Pursuant to this statute, attorneys' fees incurred by the insured may be awarded in actions for denial of insurance coverage, if the insurer has been shown to have denied the claim in bad faith. Mikel v. Am. Ambassador Cas. Co., 644 N.E.2d 168, 172 (Ind. App. 1994). Further, the amount of attorneys' fees incurred prior to the date of removal are included in determining the amount in controversy. Oshana, 472 F.3d at 512. Thus, the amount of Mrs. Engebretson's attorneys' fees to date, while not specified, could

---

[5] Either of the permissible punitive damages computational methods – three times the calculated amount of compensatory damages or $50,000 – surpasses the $75,000 amount in controversy for federal jurisdiction over this claim: three times compensatory damages would equal $113,961.12, making the amount in controversy $151,948.16, while punitive damages of $50,000 results in an amount in controversy of $87,987.04.

easily push the amount in controversy past the jurisdictional limit. Accordingly, Plaintiff's Motion to Remand must be <u>DENIED</u>.

## Conclusion

For the reasons detailed above, we find that Sun Life has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, $75,000, and, conversely, Mrs. Engebretson has not shown to a legal certainty that the amount in controversy will not exceed $75,000. Thus, because the amount in controversy satisfies the federal jurisdictional requirements, Mrs. Engebretson's Motion to Remand is <u>DENIED</u>.

IT IS SO ORDERED.

Date:   06/17/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael D. Grabhorn
GRABHORN LAW OFFICE
mdg@grabhornlaw.com

Eric P. Mathisen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
eric.mathisen@ogletreedeakins.com

Matthew J. Schad
SCHAD & PALMER
mschad@schadlaw.com

Mark E. Schmidtke
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
mark.schmidtke@ogletreedeakins.com